# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Statesboro Division

In the matter of:

BOBBY Z. CARTER
(Chapter 7 Case Number <u>02-61297</u>)

*Debtor*

CYNTHIA SAUNDERS

*Plaintiff*

v.

BOBBY Z. CARTER

*Defendant*

Adversary Proceeding

Number <u>04-6040</u>

**F I L E D**
at 2 O'clock & 35 min P M
Date August 16, 2007

Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

## MEMORANDUM AND ORDER
## ON THE DEBTOR'S MOTION TO ENFORCE SETTLEMENT

The Plaintiff has filed a motion seeking the enforcement of a settlement previously entered into between herself and the Debtor as well as the revocation of the Debtor's Chapter 7 discharge. *See* Dckt. No. 28 (March 8, 2007).[1]  A hearing on this matter was held on June 8, 2007.  *See* Dckt. No. 31 (June 8, 2007).  Both parties submitted post-hearing briefs in support of their arguments.  *See* Dckt. No. 33 (June 26, 2007) (the Debtor's brief); Dckt. No. 34 (June 28, 2007) (the Plaintiff's brief).  Upon reviewing the arguments

---

[1] Unless otherwise noted, all docket references correspond to the docket in the adversary proceeding between the Plaintiff and the Debtor.

and evidence presented by the parties, I make the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The Plaintiff instituted this adversary proceeding seeking a determination that her claim against the Debtor was non-dischargeable. *See* Dckt. No. 1 (June 7, 2004). She alleged that the Debtor owned a taxi cab business, which operated under several names. For property damage and personal injuries she received when she was struck by one of the Debtor's uninsured taxi cabs, the Plaintiff obtained a judgment against the Debtor from the Magistrate Court in Chatham County, Georgia. In her adversary complaint in this Court, she alleged that the driver of the cab represented to her that it was insured, although, in fact, it was not. In addition, the Plaintiff argued that when the Debtor converted his Chapter 13 case to Chapter 7, he characterized his debts as consumer debts instead of business debts, despite the existence of her property damage and personal injury claims and the similar claims of other claimholders. As a result of these allegations, the Plaintiff sought a determination that the Debtor's use of false pretenses rendered her debt as non-dischargeable under 11 U.S.C. § 523[2] and an award of interest and reasonable attorneys' fees.

On July 29, 2005, the Plaintiff and the Debtor entered into a Consent Order, which was signed by Judge John S. Dalis, United States Bankruptcy Judge, and provides as follows:

---

[2] Hereinafter, all Section references are to Title 11 of the United States Code.

> By agreement of the parties, the above-captioned matter is hereby resolved by Debtor/Defendant paying the sum of $9,000.00 (Nine Thousand Dollars). Plaintiff does not object to Debtor obtaining a discharge in the underlying Chapter 7 proceeding upon payment of the settled amount. Debtor to pay all sums within fifteen days (15) after the entry of this order, in cash or certified funds.

Dckt. No. 23 (July 29, 2005).

The Plaintiff now alleges that the Debtor has not paid over any proceeds of the settlement between the two parties. *See* Dckt. No. 28 (March 8, 2007). She seeks enforcement of the settlement and a revocation of the Debtor's discharge as well as attorneys' fees as sanctions under Federal Rule of Civil Procedure 11 and Federal Rule of Bankruptcy Procedure 9011. In response, the Debtor contends that the consent agreement between the two parties did not provide for the revocation of his discharge. *See* Dckt. No. 33 (June 26, 2007). Furthermore, he argues that since the entry of his discharge, his financial condition has worsened due to ongoing health problems and the fact that his spouse is incarcerated, leaving him to care for two children. He claims that his gross income for 2006 was $14,000.00.

## CONCLUSIONS OF LAW

### *A.*

Under Section 727(d)(3), on the request of a creditor, a court shall revoke a Chapter 7 discharge if the debtor commits an act specified in Section 727(a)(6). Section 727(a)(6)(A) denies a discharge to a debtor who has refused to obey any lawful order of the

court.  The Plaintiff satisfies her burden under Section 727(d)(3) by demonstrating that the Debtor agreed to the Consent Order and failed to comply with its terms.  *See* LaBarge v. Ireland (In re Ireland), 325 B.R. 836, 838 (Bankr. E.D. Mo. 2005).  If this burden is met, the Debtor must then explain his non-compliance.  *See* Missouri v. Foster (In re Foster), 335 B.R. 709, 716 (Bankr. W.D. Mo. 2006); United States Trustee v. Arnold (In re Arnold), 2007 WL 1501346, *5 (Bankr. W.D. Va. 2007).

Upon reviewing the facts and pleadings of this case, I conclude that the Plaintiff has satisfied her burden.  The parties entered into the Consent Order on July 29, 2005, which was signed by Judge Dalis, *see* Dckt. No. 23 (July 29, 2005), and a judgment was subsequently entered against the Debtor and in the Plaintiff's favor.  *See* Dckt. No. 24 (August 3, 2005).  The Consent Order clearly required the Debtor to pay the Plaintiff $9,000.00 within fifteen days, which he has failed to do.  Both parties' counsel signed the Consent Order.  Furthermore, while the Plaintiff did not object to the Debtor's receipt of a Chapter 7 discharge, the Consent Order is clear that withdrawal of her objection was conditioned on the Debtor's payment of $9,000.00.[3]

---

[3] The Consent Order gave the Debtor fifteen days from the entry of the Consent Order on July 29, 2005, to pay the $9,000.00, but he failed to do so.  The Debtor received his Chapter 7 discharge on May 12, 2006. *See* Case No. 02-61297, Dckt. No. 40 (May 12, 2006).  It should be noted that there is a split amongst the courts as to whether a debtor's refusal to obey a court order under Sections 727(a)(6)(A) and (d)(3) must occur after the entry of the debtor's discharge.  *Compare* Colombo Bank, FSB v. Barnes (In re Barnes), 348 B.R. 613, 614 (Bankr. D. Colo. 2006) (concluding that a debtor's refusal to comply with a court order does not need to occur after the entry of the debtor's discharge), *with* Katz v. Araujo (In re Araujo), 292 B.R. 19, 22-23 (Bankr. D. Conn. 2003) (concluding that a debtor's refusal to comply with a court order should occur after the entry of the debtor's discharge).  Under the facts of this case, however, I need not resolve that issue.  Here, the withdrawal of the Plaintiff's objection to the Debtor's discharge was explicitly conditioned on his compliance with the terms of the Consent Order, payment of $9,000.00.  Having failed to satisfy this condition, the Debtor cannot object to the Plaintiff's re-assertion of an action to deny him the benefits of a Chapter 7 discharge.

With the burden shifting to the Debtor to explain his non-compliance, I conclude that his explanation is insufficient to defeat the Plaintiff's motion. Under its terms, the Consent Order required the Debtor to pay $9,000.00 to the Plaintiff within fifteen days of the entry of the order. *See* Dckt. No. 23 (July 29, 2005). The Debtor argues that his financial, health, and family situations have all deteriorated since he received his Chapter 7 discharge on May 12, 2006, such that he was unable to comply with the Consent Order. *See* Dckt. No. 33 (June 26, 2007). However, these explanations do not explain why he failed to pay the $9,000.00 to the Plaintiff during the Consent Order's fifteen-day window, which preceded the date the Debtor received his discharge by more than nine months. As a result, I conclude that the Debtor is in violation of the Consent Order, signed by Judge Dalis, and that nothing in the Consent Order prohibits the Plaintiff from bringing her present action to revoke the Debtor's Chapter 7 discharge. Under these facts, the Debtor's failure to comply amounts to a refusal to obey a lawful court order sufficient to grant the Plaintiff's motion to revoke his Chapter 7 discharge under Section 727(d)(3).

*B.*

I now address the Plaintiff's request for an award of attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 11 and Federal Rule of Bankruptcy Procedure 9011. In bringing her motion to revoke the Debtor's Chapter 7 discharge, the Plaintiff contends that the Debtor agreed to the terms of the Consent Order but had no intention of fulfilling its obligations. *See* Dckt. No. 34, pgs. 2-3 (June 28, 2007). Furthermore, she argues that the Debtor's failure to respond to her counsel's multiple

attempts to communicate with him about his failure to comply with the Consent Order is additional evidence of bad faith on his part. *See* Id., p. 3.

A court has discretion to award attorneys' fees under Rule 11 "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003). Similarly, sanctions under Rule 9011 are warranted when "(1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose." Glatter v. Mroz (In re Mroz), 65 F.3d 1567, 1572 (11th Cir. 1995). Under the facts of this case, any award of attorneys' fees under Rules 11 and 9011 may only be granted upon a finding that the Consent Order was signed and submitted by the Debtor and his counsel for an improper purpose.

The test for determining whether a document submitted to this Court was presented for an improper purpose is an objective test for reasonableness. *See* Lancellotti v. Fay, 909 F.2d 15, 19 (1st Cir. 1990); Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986). Rules 11 and 9011 both state that examples of an improper purpose include an attempt "to harass or to cause unnecessary delay or needless increase in the cost of litigation." Despite the fact that the Plaintiff has not been paid and that she had to make multiple attempts to contact the Debtor about his non-payment, I find that there is insufficient

evidence to conclude that the Debtor or his counsel signed the Consent Order for an improper purpose, such as to harass, delay, or increase the costs of litigation. Although the Plaintiff contends that the Debtor signed the Consent Order with no intention of paying the $9,000.00 within the fifteen-day window, she has not presented any evidence that would prove this allegation by clear and convincing evidence. *See* Guidry v. Clare, 442 F. Supp. 2d 282, 293 (E.D. Va. 2006). As a result, I conclude that she has failed to carry her burden.

## O R D E R

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Plaintiff's motion is GRANTED IN PART. Pursuant to 11 U.S.C. § 727(d)(3), the Debtor's Chapter 7 discharge is revoked. The Plaintiff's request of an award of the attorneys' fees and costs in bringing her motion is DENIED.

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This  15th  day of August, 2007.